Instead of a sale, the Court at last term decreed a partition by metes and bounds, with a suggestion that the part as contended for by Jones the plaintiff in the other suit might be assigned by the commissioners to him, which would put an end to the controversy as to the mode of division. Commissioners were appointed who did lay off the part contended for by Jones in the locality agreed on in their bond, yet, as the surveyor had made a mistake and allowed him several acres more than his proportionate share, the commissioners, by a line running parallel with the one formerly run, limited him to his proper number of acres; for this, Jones filed an interlocutory petition, stating that this curtailment of his lot, deprived him of valuable improvements, which he had made by cutting a ditch and making a fence on the part taken from him, and prayed the Court to have it made good to him by a decree against Carland. They also laid off to the children and heirs of Mrs. *Page 417 
Lance their portion by a line parallel to that of the plaintiffs, and the remainder was allotted by them to Carland. There were exceptions to the report of the commissioners, but they need not be particularly noticed, as no point of law arises out of them.
The cause was heard on a motion for further directions, and upon exceptions to the report of the commissioners.
We see no ground upon which the exceptions can be sustained; they are, therefore overruled.
The petition of Jones in regard to his improvements, etc., has been considered by us; but we can see no ground upon which to (507) base an equity in his favor. It was his folly or misfortune to cut the ditch, and make the fence, before he had received title to the land.
The report is in all things confirmed, and the commissioners are allowed $2.00 per day while doing the business, to be taxed by the clerk, etc.
Per curiam.
Decree accordingly.